# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

March 4, 2005

Before

Hon. Joel M. Flaum, Chief Judge

Hon. Michael S. Kanne, Circuit Judge

Hon. Ilana Diamond Rovner, Circuit Judge

Nos. 03-2998 & 03-2999

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff-Appellee,<br><br>　　　v.<br><br>AISHAUNA WARD and<br>GREGORY WARD,<br>　　　　　Defendants-Appellants. | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division.<br><br>No. 01 CR 927<br><br>David H. Coar,<br>Judge. |

O R D E R

On July 23, 2004, this Court issued an opinion and order vacating defendants' sentences and remanding for resentencing. Plaintiff-appellee filed a petition for rehearing on August 6, 2004. After consideration of the petition, all of the judges on the original panel have voted to deny rehearing, and the petition is therefore DENIED. However, this Court hereby amends its July 23, 2004 opinion in light of the Supreme Court's decision in Booker v. United States, 125 S. Ct. 738 (2005) and this Court's decision in United States v. Paladino, et al., No. 03-2296, et al. (7th Cir. Feb. 25, 2005).

The slip opinion issued on July 23, 2004 is amended as follows:

Page 10, the last two paragraphs are withdrawn and replaced by the following language:

Defendants also raised challenges to their sentences.  In sentencing Mr. and Mrs. Ward, the district judge, consistent with the law prior to Booker v. United States, 125 S. Ct. 738 (2005), treated the sentencing guidelines as mandatory. In accordance with Booker and our recent decision in United States v. Paladino, et al., No. 03-2296, et al. (7th Cir. Feb. 25, 2005), we remand this case to the district court for determination whether that court would have imposed the same sentence had it understood that the guidelines were advisory.

## III.  Conclusion

For the foregoing reasons, the judgments of conviction are AFFIRMED. Pursuant to the procedure announced in Paladino, we direct a limited remand of the sentences while retaining appellate jurisdiction.